This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOSE CASTRO-MONTANEZ,**

Worker-Appellant,

v.                                                    **NO. 34,772**

**MILK-N-ATURAL, LLC,**

Employer-Appellee,

and

**UNINSURED EMPLOYERS' FUND OF**
**NEW MEXICO (UEF),**

Statutory Third Party-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Leonard J. Padilla, District Judge**

New Mexico Center on Law & Poverty
Gail Evans
Tim Davis
Albuquerque, NM

for Appellant

Hinkle Shanor LLP
Chelsea R. Green
Roswell, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Plaintiff-Appellant Jose Castro-Montanez (Worker) appeals from the workers' compensation judge's (WCJ) order granting Employer Milk-N-Atural's motion for summary judgment on the basis that the Workers' Compensation Act categorically excludes farm and ranch laborers from coverage. Based on our recent decision in *Rodriguez v. Brand West Dairy*, 2015-NMCA-097, 356 P.3d 546, we issued a notice of proposed summary disposition, proposing to reverse. Employer has filed a memorandum in opposition, requesting that we reconsider our holding in *Rodriguez* regarding the farm and ranch laborer exclusion or find that the holding should be applied prospectively. [MIO 7] Employer also requests that we stay this appeal, explaining that the New Mexico Supreme Court may "reverse or refine" our Opinion. [MIO 11] Unpersuaded, we reverse.

**Retroactive Application of *Rodriguez***

{2}     Employer continues to argue that the holding of *Rodriguez* should not be applied retroactively to workers' claims pending on or after March 30, 2012, *id.* ¶ 37, which encompasses the present claim. [DS 1; MIO 8] Employer's memorandum in opposition concedes that *Rodriguez* controls the outcome of the instant case, but invites this Court to reconsider our holding in *Rodriguez* and its retroactive application. [MIO 8] We decline to do so. After an analysis of the three pertinent

factors to determine whether retroactive application is justified, *Rodriguez* expressly concluded that the "Opinion's holding shall apply to workers' claims that were pending as of March 30, 2012." *Id.* A case is defined as pending until all appeals have been exhausted. *State v. Nunez*, 2000-NMSC-013, ¶ 114, 129 N.M. 63, 2 P.3d 264 ("A case is finalized when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." (internal quotation marks and citation omitted)). This case falls within the purview of *Rodriguez*. Our notice of proposed summary disposition explained that we perceived no factual basis for distinguishing this Court's decision in *Rodriguez*. [CN 3] Accordingly, we reverse.

**Motion to Stay**

**{3}** As Employer acknowledges, [MIO 11] neither the filing of a petition for writ of certiorari, or an order granting a petition suspends the precedential value of this Court's opinions. *See* Rule 12-405(C) NMRA ("A petition for a writ of certiorari filed pursuant to Rule 12-502 NMRA or a Supreme Court order granting the petition does not affect the precedential value of an opinion of the Court of Appeals, unless otherwise ordered by the Supreme Court."). Employer argues, however, that there is "uncertainty that still exists" and a stay would conserve the time and resources of the

parties and the judiciary. [MIO 11] We decline to stay the instant appeal and instead rely on *Rodriguez* to reverse the WCJ's order.

{4}    Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we reverse.

{5}    **IT IS SO ORDERED.**


                _____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**LINDA M. VANZI, Judge**